**UNITED STATES of America,**
**Plaintiff,**

**v.**

**Charles Martin BUSH and John A. Bush, Executors under the Last Will and Testament of Martin Bush, deceased, Defendants.**

**Civ. A. No. 521–53.**

United States District Court
D. New Jersey.
March 18, 1957.

Chester A. Weidenburner, U. S. Atty., Nelson G. Gross, Asst. U. S. Atty., Newark, N. J., for plaintiff.

Emory, Langan, Lamb & Blake, Charles W. Hutchinson, Jersey City, N. J., for defendant.

MEANEY, District Judge.

Martin Bush, deceased, was an employee of the Susquehanna Railroad for a period of forty-eight years previous to the date of his application for benefits under the Railroad Retirement Act, 45 U.S.C.A. § 228a et seq. He made his application under the terms of that Act in April, 1947, for an annuity. The Railroad Retirement Board approved his application and the annuity accrued on July 1, 1947. Bush received a total of $2,694.75 in benefits from July 1, 1947 to the date of his death in 1950. He had completed over thirty years of service and had attained the age of sixty-five, as required by the provision of the Act under which he applied. At the time of his application he was a master mechanic, subject to call at any hour of the day or night, but regularly on duty daily from Monday through Friday, from 8 A.M. to 5 P.M.

In the application submitted to the Railroad Retirement Board Bush stated that he had not performed any service for any other person, company, or institution during the period of his last service with his employer and that he had last worked for an employer on June 30, 1947. While the application was officially filed *April 9, 1947*, the application itself contains the statement that the applicant worked for the Susquehanna Railroad from January 1, 1946 to *June 30, 1947*, as the latter date was the date after which the annuity was to accrue, and as a matter of fact Bush did work for the Railroad until that date.

After the death of Bush the Railroad Retirement Board learned that Bush, previous to the time of his retirement and also previous to his application, actually had worked at various times for the North Jersey Paper Company at Saddle River, N. J. Thereafter the Board sent notice to the General Accounting Office that payments made to Bush had been erroneously made and suit was started in the name of the United States for recovery of the payments allegedly paid in error. The suit was instituted against the executors named in the last will and testament of Martin Bush, who answered, denying any right of recovery on the part of the United States.

Previous to the institution of the suit there was no hearing by the Board of which the defendants in the instant suit were given notice.

It may be well at this point to dispose of whatever question may be raised by the omission by the Board to have a hearing with notice. No such hearing is made a prerequisite to the institution of suit for moneys erroneously paid out under circumstances similar to those existing in the instant case, though the Act does provide for a hearing to be had on application of a person, claiming to be a beneficiary of the Act, who is denied the benefits claimed. Therefore, this court may proceed to determine the rights of the parties regardless of whether or not a hearing was had by the Board before the institution of suit.

The evidence adduced at the trial leads the court to make the following findings of fact.

### Findings of Fact

1. Martin Bush was employed by the Susquehanna Railroad for a period of forty-eight years previous to July 1, 1947.

2. On April 9, 1947, Bush applied for an annuity under the terms of the Railroad Retirement Act, he having attained the age of sixty-five years and having served over thirty years as an employee of the Railroad.

3. In his application Bush stated that he had not performed any service for any other person, company, or institution during the period of his last service with his employer under the Railroad Retirement Act.

4. In the year previous to the accrual date of his annuity Bush worked for the North Jersey Paper Company, of which he was a stockholder and vice president, at least from April, 1947 to the date of accrual.

5. Bush continued to work for the Paper Company until April 30, 1949.

6. Previous to July 1, 1947, he had received the sum of $611.25 from the Paper Company for services performed.

7. Thereafter he received for the balance of 1947 from the Paper Company, the sum of $1,465. In 1948 he received a total of $2,133.12.

8. His compensation from the Paper Company was at the rate of $1.25 per hour.

9. Bush had no regular assignment of duties at the Paper Company, and performed such work as he saw fit to do or which was requested by the president of the Company, averaging about 150 hours per month.

10. From April, 1947, when he first did work for the Paper Company, until June 30, 1947, when his employment with the Railroad Company ceased, Bush was on duty from 8 A.M. to 5 P.M. with the Railroad and was on call at all hours.

11. It does not appear that Bush had regular and steady employment with the Paper Company at any time or that he had a *right* to return to employment with that Company. His work was of a casual nature in spite of the number of hours devoted to it.

## Discussion

The Railroad Retirement Act is silent on the matter of casual auxiliary employment during the term of service of a railroad employee with the Railroad, or during the period for which an annuity may be granted. But from the wording of the Act it would seem that the determining factor in establishing the right of an applicant for benefits under the Railroad Retirement Act is whether at the time he had the *right* to return to such other employment as that in which he may have been engaged while employed by the Railroad.

No such right existed here. Bush worked where, when, and as he pleased except in the few instances where he was expressly directed to perform certain tasks by the president of the Paper Company. He had no union membership, no seniority rights, nor indeed did any other right to return to this employment accrue to him from his position as a casual employee. Bush's employment was literally for the convenience of the North Jersey Paper Company, and at the pleasure of its president.

True, Congress has seen fit to limit the amount which may be earned by an applicant for benefits in concurrent casual employment, in that portion of the Act relating to benefits for disability. But it does not seem to have extended that limitation to situations obtaining where the application is made under the length of service provision.

In view of the foregoing, the court makes the following conclusions of law.

## Conclusions of Law

1. This court has jurisdiction over this action. 28 U.S.C.A. § 1345.

2. Casual employment during months prior to the accrual of benefits, even if not reported in the application for such benefits, will not affect annuity rights under the Railroad Retirement Act.

3. The relationship between the decedent Bush and the North Jersey

Paper Company was one of casual employment.

4. Payments made to Bush by the Railroad Retirement Board through the General Accounting Office were made in accordance with the terms of the Railroad Retirement Act. 45 U.S.C.A. § 228b.

5. The United States cannot recover moneys properly paid out under the terms of this Act merely because annuitant was casually employed prior to and at the time of accrual and failed to report such employment.

6. There will be judgment in favor of the defendants.

Let an order be submitted in accordance with these findings of fact and conclusions of law.